IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN ALBRIGHT, RICHARD NEWMAN, and JACOB MULLINS,<br><br>           Plaintiffs,<br>     v.<br><br>CONCURRENT TECHNOLOGIES CORPORATION and ENTERPRISE VENTURES CORPORATION,<br><br>           Defendants. | CIVIL ACTION<br>No. 3:21-cv-112 |

**Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES**

**1.**   **Identification of counsel and unrepresented parties.** Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

*Counsel for Plaintiffs:*

Gwen R. Acker Wood
grwood@ackerwoodiplaw.com
ACKER WOOD INTELLECTUAL PROPERTY LAW, LLC
4981 McKnight Road
Pittsburgh, PA 15237
Phone: (412) 486-1038
Facsimile: (412) 487-2837

*Counsel for Defendants:*

Jaime S. Tuite
jaime.tuite@bipc.com
Nicholas J. Bell
nicholas.bell@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-1410
Telephone: 412-562-1546
Fax: 412-562-1041

2.  **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc):

    Plaintiffs assert claims for breach of contract and unjust enrichment. With respect to the breach of contract claim, Plaintiffs allege that Defendants have refused, and continue to refuse, to pay the monetary awards due and owing to Plaintiffs as stipulated in the contract entered into between Plaintiffs and Defendants, namely, that Plaintiffs would receive monetary compensation under the companies' IP Reward Program that was in effect at the time for alleged profits generated from a proprietary coating system technology that Plaintiffs developed and refined while employed by Defendants.

    With respect to the unjust enrichment claim, Plaintiffs assert that they conferred a benefit on Defendants, of which Defendants had knowledge, pursuant to Plaintiffs' obligation to assign to Defendants the proprietary coating system technology which Plaintiffs developed and refined, and, by refusing to give Plaintiffs their due monetary compensation pursuant to the IP Reward Program that was in effect at the time, Defendants have and are continuing to retain all benefits of the proprietary coating system technology.

    Defendants deny that any payments under the IP Reward Program are due to Plaintiffs because (1) they are no longer employed by Defendants, an alleged prerequisite to receiving any award under the Program; (2) the technology they developed allegedly has not generated any profits and will not do so for some time such that any entitlement to an award would be triggered under the Program; and (3) the fact that CTC gave Plaintiffs one award under the Program in 2017 allegedly did not "initiate" their participation in the Program, entitle them to any future awards, or form a contract between Plaintiffs and Defendants.

3.  **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

    Wednesday, October 26, 2022; Gwen R. Acker Wood for Plaintiffs; Jaime S. Tuite for Defendants.

4.  **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:** (Lead Trial Counsel and unrepresented parties shall attend the Rule16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served): November 16, 2022.

**5.** **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

Defendants filed a 12(b)(6) Motion to Dismiss, which was granted in part by the Court on September 30, 2022.

**6.** **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

Mediation to occur 60-90 days following the Court's Rule 16 Initial Scheduling Conference.

**7.** **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

The parties to exchange Rule 26(a) Initial Disclosures on or before November 17, 2022.

**8.** **Subjects on which fact discovery may be needed.** (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

- The identity of witnesses Plaintiffs intend to proffer to support each and every factual allegation of their Complaint and the basis for their personal knowledge;

- Any and all monetary damages alleged by Plaintiffs;

- The enforceability of the alleged contract between Plaintiffs and Defendants;

- The circumstances surrounding Plaintiffs' application for an award under the IP Reward Program in 2016 and the receipt of that award in 2017, including any communications with the IP Committee and its members during or outside of official committee meetings;

- The IP Reward Program contained in Defendants' Employee Manual, the 4th, 5th, and 6th revisions to the Employee Manual, and any communications regarding those revisions;

- Any documents or information belonging to Defendants that Plaintiffs took or otherwise remains in their possession, custody, or control after their employment with Defendants terminated;

- Contracts awarded to Defendants in connection with the technology developed by Plaintiffs, any revenue generated from those contracts, and any costs incurred that are associated with the technology;

- Statements made by any employee(s) of Defendants to Plaintiffs regarding the applicability of the IP Reward Program to the subject technology and Plaintiffs' qualifications for any awards under that Program; and

- Any documents or information belonging to Defendants and any relevant non-party employed by Defendants, which remain in their possession, custody, or control pertaining and/or relevant to and/or having some bearing on each and every factual allegation made in Plaintiffs' Complaint.

9.  **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

    a.  **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

    November 17, 2022

    b.  **Date by which any additional parties shall be joined:**

    December 1, 2022

    c.  **Date by which the pleadings shall be amended:**

    December 1, 2022

    d.  **Date by which fact discovery should be completed:**

    March 31, 2023

    e.  **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

    None

      **f.**        **Date by which plaintiff's expert reports should be filed:**

May 1, 2023

      **g.**        **Date by which depositions of plaintiff's expert(s) should be completed:**

May 31, 2023

      **h.**        **Date by which defendant's expert reports should be filed:**

May 31, 2023

      **i.**        **Date by which depositions of defendant's expert(s) should be completed:**

June 30, 2023

      **j.**        **Date by which third party expert's reports should be filed:**

None

      **k.**        **Date by which depositions of third party's expert(s) should be completed:**

None

**10.** If the parties agree that changes should be made to the limitations on discovery imposed or Local by the Federal Rules of Civil Procedure Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

None

**11.** Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration. In particular, answer the following questions:

      **l.**        <u>ESI</u>. Is either party seeking the discovery of ESI in this case? X Yes ☐ No

                If disputed, identify the nature of the dispute _____

      **m.**      <u>Metadata</u>: Will any metadata be relevant in this case? X Yes ☐ No

- If yes, with respect to what ESI <u>Defendants' documents and information in Plaintiffs' possession, custody, or control, and Defendants and any relevant non-party employed</u>

5

    by Defendants, which remain in their possession, custody, or control pertaining and/or relevant to and/or having some bearing on each and every factual allegation made in Plaintiffs' Complaint.

    If disputed, identify the nature of the dispute _____

**n.**  Format. Have the parties agreed on the format(s) for production of ESI?
   ☐ Yes  X  No

   If no, what disputes remain outstanding  Parties to engage in further meet and confer discussions.

**o.**  Clawback Agreement. Will the parties be using the Form Inadvertent Production Provision of LCvR 16.1.D?  X Yes ☐ No

   If no, will an alternative provision be proposed? ☐ Yes (Please attach) ☐ No

**p.**  Search terms. Have the parties agreed on any protocol for review of electronic data? ☐ Yes  X  No

   If yes, please describe _____

   If no, please identify what issues remain outstanding  Parties to engage in further meet and confer discussions.

**q.**  Accessibility. Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B)? ☐ Yes  X  No

   If no, please identify the nature of the dispute  Parties to engage in further meet and confer discussions.

**r.**  Preservation. Are there any unresolved issues pertaining to the preservation of ESI?  If so, please describe  Not at this time.

**s.**  Other. Identify all outstanding issues or disputes concerning ESI

   None

**12.**  Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel

for each party and each unrepresented party are required to attend the Post- Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

All dates below to be set at Post-Discovery Status Conference.

- t. **Settlement and/or transfer to an ADR procedure;**

- u. **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

- v. **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

- w. **Dates by which parties' pre-trial statements should be filed;**

- x. **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

- y. **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

- z. **Dates proposed for final pre-trial conference;**

- aa. **Presumptive and final trial dates.**

13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

    None

14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

    At this time, the parties do not anticipate the need to appoint a special master.

15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

    None

16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

Counsel have discussed settlement and Plaintiffs have made an initial demand. The parties intend to participate in the mediation in good faith.

Dated: November 9, 2022                     Respectfully submitted,

/s/ *Jaime S. Tuite*
Jaime S. Suite (PA 87566)
jaime.tuite@bipc.com
Nicholas J. Bell (PA 307782)
nicholas.bell@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Telephone: 412-562-8800
Fax: 412-562-1041

*Attorneys for Concurrent Technologies Corporation and Enterprise Ventures Corporation*

/s/ *Gwen R. Acker Wood*
Gwen R. Acker Wood, Esq.
PA 89081
grwood@ackerwoodiplaw.com
Acker Wood Intellectual Property Law, LLC
4981 McKnight Road
Pittsburgh, PA 15237
Phone: (412) 486-1038
Facsimile: (412) 487-2837

*Attorney for Brian Albright, Richard Newman, and Jacob Mullins*