IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN ALBRIGHT, et.al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil No. 3:21-cv-000112 |
| ) | Judge Stephanie Haines |
| CONCURRENT TECHNOLOGIES ) | |
| CORPORATION, et.al., ) | |
| ) | |
| Defendants. ) | |

**OPINION**

**I.    Introduction**

Plaintiffs Brian Albright, Richard Newman, and Jacob Mullins ("Plaintiffs") filed a Complaint in Civil Action (ECF No. 1) against defendants, Concurrent Technologies Corporation ("CTC"), Concurrent Technologies Corporation Foundation ("CTCF"), and Enterprise Ventures Corporation ("EVC"). CTC, CTCF, and EVC moved to dismiss (ECF No. 15) the Complaint. The Court granted in part and denied in part the Motion to Dismiss (ECF Nos. 27, 28). The result of the Court's Order was to dismiss defendant CTCF, without prejudice, dismiss the claim at Count III for intentional infliction of emotional distress, and to dismiss the claims for punitive damages and attorneys' fees. The case proceeded in litigation as to Counts I (breach of contract) and II (unjust enrichment) against CTC and EVC (collectively "Defendants").

**II.    Relevant Procedural Background**

On October 21, 2022, Defendants filed an Answer (ECF No. 32) to the Complaint, and an Initial Case Management Conference was conducted by the Court (ECF No. 37) on November 17, 2022. After the Case Management Conference, the Court issued the Scheduling Order (ECF No. 38) which stipulated that Amended Pleadings were due by December 1, 2022. Discovery between

1

the parties was set to begin on March 31, 2023, and expert discovery was to be completed on June 30, 2023. In the meantime, the parties participated in a Mediation on March 7, 2023, where a settlement was not reached (ECF No. 50). Also, in the interim, on January 27, 2023, Plaintiffs retained additional counsel (ECF Nos. 43, 44, 45) with an expertise in employment law. Soon after, on February 3, 2023, two months after the deadline to file amended pleadings had expired, Plaintiffs filed the pleading at issue now, a Motion for Leave to File an Amended Complaint (ECF No. 46). As stated above, the original Complaint contained two counts against Defendants. With their Amended Complaint, Plaintiffs seek to add seven new counts against Defendants: A violation of Pennsylvania's Wage Payment and Collection Law ("WPCL") (Count III); Fraudulent Inducement (Count IV); Fraudulent Concealment (Count V); Intentional Misrepresentation (Count VI); Negligent Misrepresentation (Count VII); Promissory Estoppel (Count VIII); and Declaratory Judgment (Count IX). ECF No. 46, p. 3, ¶ 14. Defendants filed a Response in Opposition to the Motion for Leave to File an Amended Complaint (ECF No. 48), and Plaintiffs filed a Reply (ECF No. 49). All deadlines have been stayed (ECF No. 52) pending the resolution of the contested Motion for Leave to Amend the Complaint.

### III.   Legal Standard

Rule 15 of the Federal Rules of Civil Procedure governs the treatment of "Amended and Supplemental Pleadings." "A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)(2)." 3 Moore's Federal Practice - Civil § 15.14. "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Id.* (citing *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)); *see also Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should

freely give leave when justice so requires." Fed. R. Civ. P. 15.  It is well established that "motions to amend pleadings should be liberally granted." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citing *Adams v. Gould*, 739 F.2d 858, 867-68 (3d Cir. 1984)).

That said, District Courts have concluded that it is appropriate to first analyze disputes of amended pleadings under Rule 16 before proceeding to evaluate it under the rubric of Rule 15. *See Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 118 (W.D. Pa. 2010) (citing *Price v. Trans Union, LLC,* 737 F. Supp. 2d 276, 278–80 (E.D. Pa. 2010); *see also Componentone, L.L.C. v. Componentart, Inc.,* Civ. A. No. 05–1122, 2007 WL 2580635, at *1–2 (W.D. Pa. Aug. 16, 2007). As noted by the district court in *Componentone,* "once the pretrial scheduling order's deadline for filing motions to amend the pleadings has passed, a party must, under Rule 16(b) demonstrate 'good cause' for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading." *Componentone,* 2007 WL 2580635, at *2; *see also Price,* 737 F. Supp. 2d at 279 ("[W]here a party seeks to amend its pleadings after a deadline set by court order, the decision whether to allow the amendment is controlled by Rule 16(b)."); Fed. Prac. & Proc. Civ. § 1522.2 (3d ed. 2010) ("[T]o the extent that other federal rules, such as Rule 15 governing pleading amendments, contain a more lenient standard than good cause, the Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15.").

**IV.   Discussion**

Plaintiffs state that the new allegations in the Proposed Amended Complaint rely on the same facts, and arise out of the same conduct, transactions, and occurrences, as set forth in the original Complaint. ECF No. 46, p. 3.  In reviewing the Proposed Amended Complaint, the Court

3

notes substantive changes exist where Plaintiffs quote the 4th rev Manual adding a paragraph about eligibility for employee awards, ECF No. 46-2, p 7, ¶ 27; where Plaintiffs quote consent and acceptance of an award agreement, ECF No. 46-2, p. 8, ¶ 30; and where the facts state that Plaintiffs signed a Confidentiality Agreement. ECF No. 46-1, pp. 13-14, ¶¶ 48-51.[1] The proposed pleading contains the additional seven counts as well. Plaintiffs state that the reason for the proposed Amended Complaint is, in part, based on documents that were produced through discovery, including written contracts between the parties which set forth their respective rights and remedies. ECF No. 46, p. 3, ¶ 16. Plaintiffs argue they have good cause to modify the initial scheduling order and sufficient basis for the Court to grant leave to file the Amended Complaint. They claim no party would be prejudiced by such actions. ECF No. 46, p. 4, ¶ 19.

Defendants disagree with Plaintiffs stating three reasons for the Court to deny the Motion to file an Amended Complaint. (1) Good cause does not exist to modify the scheduling order. Defendants say Plaintiffs have offered no compelling reasons why seven more causes of action should be brought now given the significant amount of time that has passed, and discovery has occurred. ECF No. 48, pp. 1-2. (2) There are no new facts that surfaced in discovery. All facts giving rise to this action, when the event occurred in 2016, have always been available to Plaintiffs. In addition, there is no new evidence that supports the WPCL claim because the document containing that information was provided to Plaintiffs in 2020. (3) Defendants allege the more time that passes the more prejudice inflicted on Defendants and the more chance for spoilage of evidence. ECF No. 48, p. 2. Defendants fear that granting the Motion for the Amended Complaint

---

[1] Plaintiffs did not seek to Amend the Complaint to re-add Defendant CTCF, which was dismissed without prejudice in the Court's Order on the Motion to Dismiss. The Proposed Amended Complaint reflects all dismissals granted according to the Court's September 30, 2022, Order on the Motion to Dismiss (ECF No. 28).

would waste their time and resources and those of the Court. ECF No. 48, p. 2. The Court will first evaluate the Motion to Amend under Rule 16.

### 1. Rule 16 – Pretrial Conferences, Scheduling, Management

Rule 16 of the Federal Rules of Civil Procedure authorizes a district court to enter pretrial scheduling orders setting deadlines for the completion of discovery, the amendment of pleadings and the joinder of parties. *See* Fed. R. Civ. P. 16. Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The purpose of limiting the period for amending the pleadings is to assure 'that at some point both the parties and the pleadings will be fixed.'" *O'Connell v. Hyatt Hotels of Puerto Rico,* 357 F.3d 152, 154 (1st Cir.2004) (quoting Fed. R. Civ. P. 16, Advisory Committee Note (1983)). "'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order." *Componentone,* 2007 WL 2580635, at *2; *see also* Fed. R. Civ. P. 16, Advisory Committee Note (1983) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

Defendants state that Plaintiffs knew they wanted to file an Amended Complaint before the scheduling order deadline, but chose to serve and respond to discovery based on the original Complaint (ECF No. 48, pp. 1-2). Plaintiffs filed their Motion for Leave to File an Amended Complaint on February 3, 2023, shortly after new counsel entered their appearance (ECF Nos. 43-46). The Motion was about two months tardy from the deadline for amended pleadings of December 1, 2022, in the Scheduling Order. At the time of its filing the parties were conducting fact discovery, but discovery was not concluded, and the Scheduling Order states its beginning on March 31, 2023, and its conclusion on June 30, 2023.

> Once the scheduling order issues, a party must show good cause to deviate from the scheduling order. Accordingly, when a party seeks to amend its pleading after

5

the time allowed by the scheduling order, the court does not abuse its discretion by applying this good cause standard rather than the more liberal Rule 15 standard. Nothing in the "good cause" standard of Rule 16(b)(4) bars amendments after the time limit set in the scheduling order. If the required good cause is shown, a court should permit amendment after the time allowed by the pretrial order in the interest of justice and sound judicial administration, particularly when there will be no substantial injury to an opposing party and refusal of leave to amend might result in injustice to the movant. The motion is still subject to the limited constraints of Rule 15. Even under the liberal, Rule 15 standards, the district court may consider several factors in determining whether to grant leave (*see* § 15.15).

3 Moore's Federal Practice - Civil § 15.14.

Plaintiffs assert that they have demonstrated diligence by filing their Motion early in litigation, citing to cases in which leave to amend has been granted after trial and as late as during appeal. ECF No. 46, p. 5, ¶ 23. The cases cited by Plaintiff are examples in which plaintiffs sought to use facts adduced during discovery. *See e.g.*, *Greygor v. Wexford Health Sources, Inc.*, No. 2:14-CV-1254, 2016 WL 772740 (W.D. Pa. Feb. 27, 2016) (motion for leave to amend answer to complaint was granted when obtaining new information constituted good cause to assert a cross-claim against defendants after settlement); *Werner v. Werner*, 267 F.3d 288, 297 (3d Cir. 2001) (vacating the order of the district court dismissing the action to allow plaintiffs to file a second amended complaint); *ScanSource, Inc. v. Datavision-Prologix, Inc.*, No. CIV A 04-4217, 2009 WL 973497 (E.D. Pa. Apr. 8, 2009) (allowing for amendment of the verified complaint with a new count after default judgment was entered because of new information). Plaintiffs contend that after diligently attaining discovery evidence they became aware that the case involved issues beyond intellectual property and contract issues, and they sought to join counsel more versed in employment law to facilitate the advancement of their claims for relief. ECF No. 46, p. 5, ¶¶ 25-28. One week after employment counsel joined the case the Motion for Leave to Amend was docketed. Plaintiffs concede that given the new claims, additional discovery and modification of

the scheduling order will be necessary but assert that granting the Motion is in the interest of justice. ECF No. 46, p. 6, ¶¶ 31-32.

Defendants argue that Plaintiffs had all the facts necessary to raise the other claims at their disposal by December 1, 2022, within the time constraints of the Scheduling Order, and so say the Plaintiffs did not act diligently. ECF No. 48, p. 4. "Many courts have recognized that '[w]here ... the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent.'" *Graham,* 271 F.R.D. at 119 (citing *Price,* 737 F. Supp. 2d at 280).

Plaintiffs were employees of Defendants who developed potentially highly lucrative intellectual property and who were allegedly promised royalties by Defendants from the sale of said intellectual property according to provisions under the "CTC Intellectual Property Reward Program" in the employee manual. ECF No. 1, p. 4, ¶¶ 17, 19-18. The particular documents which are referenced in the Proposed Amended Complaint that allegedly provided Plaintiffs with the additional factual information for the supplemental claims are Exhibit A – 4th rev. Employee Manual; Exhibit D – EVC Confidentiality Agreement – Albright; Exhibit E – EVC Confidentiality Agreement – Newman; and Exhibit F – EVC Confidentiality Agreement – Mullins (ECF No. 46-2, p. 39). Defendants state that Plaintiffs were aware of the three written contracts through counsel in 2020, including their provisions for Pennsylvania choice of law and venue. ECF No. 48, p. 3. Plaintiffs contend that such contracts were alluded to in correspondence to Plaintiffs' prior counsel in Alabama, but the contracts were not attached to the correspondence and the Alabama lawyer would likely not have been familiar with Pennsylvania wage law. ECF No. 49, p. 2.

The Court finds that Plaintiffs acted diligently and there is good cause to deviate from the scheduling order. First, additional expert counsel was retained to review discovery documents and

entered their appearance. From the time new counsel entered their appearance, it was one week until the Motion for Leave was submitted. Second, at the time of filing, fact discovery was still ongoing and was about two months from its end. Plaintiff reports that depositions had not been conducted, discovery remained open and in the early stages as the Parties were exchanging written and documentary discovery responses. ECF No. 46, p. 2, ¶ 11. Third, the documents obtained during discovery, the applicable employee manual and confidentiality agreements,[2] likely contained important details that pertain to the facts and issues of this case that could only be decerned upon review. In addition, Plaintiffs state the contracts produced by Defendants confer standing for out-of-state Plaintiffs to bring a claim under WPCL. ECF No. 46, p. 3, ¶ 17.

Having concluded that departing from the Scheduling Order is justified because Plaintiffs were diligent in seeking the amended pleading and provided good cause to do so, the Court will next determine whether, under the provisions Rule 15, the court should grant Plaintiffs with leave to Amend their Complaint.

### 2. Rule 15 – Amended and Supplemental Pleadings

Courts should freely grant leave to amend, absent specified factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant or deny a motion for leave to amend is within the sound discretion of the district court. *See, e.g., Cureton,* 252 F.3d at 272. "A district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." *Id.* at 272–73 (citing *Foman*, 371 U.S. at 182).

---

[2] Defendants do not argue that Plaintiffs were in possession of their own contracts.

Given the liberal standard of Rule 15(a), the party opposing amendment bears the burden of showing undue delay, bad faith, prejudice, or futility. *See, e.g., Cureton*, 252 F.3d at 273. It is not obvious to the Court that the Plaintiffs new claims would be futile. Defendants state the action is frivolous and cite the fact that there were five inventors of the technology and two have not joined the case. Defendants also argue that the employee manual doesn't guarantee at-will employees an income stream. ECF No. 48, p. 6. The Court does not find these arguments persuasive and find them to be premature in the litigation. The Court, therefore, declines to find Plaintiffs' claims futile and will next evaluate whether there was undue delay in filing the Motion or whether defendants will suffer prejudice if the Motion is granted.

### a. Undue Delay

The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay. *See Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). In fact, delay alone is an insufficient ground to deny leave to amend. *See Cornell & Co., Inc. v. Occupational Safety & Health Rev. Comm'n.*, 573 F.2d 820, 823 (3d Cir. 1978). But "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams*, 739 F.2d at 868. Delay may become undue when a movant has had previous opportunities to amend a complaint. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (three-year lapse between filing of complaint and proposed amendment was "unreasonable" delay where plaintiff had "numerous opportunities" to amend). *See also, Cureton*, 252 F.3d at 273-74 (holding that the district court did not abuse its discretion in denying the post-judgment motion to amend when it concluded defendant would be prejudiced because of undue delay. "(1) the motion was filed three years after the complaint was filed; (2) the factual information on which the proposed amendment relied was known almost two-and-a-

half years before plaintiffs sought leave to amend; (3) judicial efficiency would be damaged by trying claims seriatim; and (4) the interest in the finality of the proceedings would be compromised by the amendment.")

The arguments and analysis of "undue delay" overlap with the Court's evaluation of whether Plaintiffs acted with diligence under Rule 16. The court finds there was no undue delay in the Plaintiffs production of the Motion for Leave to File an Amended Complaint. During, and in the earlier stages of discovery, Plaintiffs sought expert employment counsel to review the produced documents and after a week of additional counsel joining the litigation the Motion was filed. At this time counsel was exchanging written discovery and interrogatories and had not yet engaged in deposition or expert testimony. Finally, there is no evidence of bad faith nor does the Court consider a one-week delay or the two months since the expiration of the Scheduling Order amended pleadings date to be unreasonable.

### b. Prejudice to Defendants

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Mullin v. Balicki*, 875 F.3d 140, 155 (3d Cir. 2017) (quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)). Prejudice requires that we focus on the hardship to the defendants if the amendment were permitted. *See Adams*, 739 F.2d at 868. Specifically, the Courts have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. *Cf. id.* at 869 (finding no prejudice because no new facts or additional discovery were required). "Unless the opposing party will be prejudiced, leave to amend should generally be allowed." *Charpentier v. Godsil,* 937 F.2d 859, 864 (3d Cir.1991).

Defendants assert that they will suffer prejudice if the Court grants leave to amend. They state, "Defendants have already expended significant resources to file a motion to dismiss the Original Complaint, as well as engage in written discovery and document productions accompanying initial disclosures, all based upon the claims asserted in the Original Complaint." ECF No. 48, pp. 4-5. To address the new claims, they assert they will need to deploy additional resources to file a responsive pleading, as well as serve additional discovery and will request an enlargement of the limitation on interrogatories. *Id*. at 5. Defendants also argue that the delay in time will cause the spoilage of electronic discovery, that they say has already occurred on Plaintiffs' part. *Id.* Plaintiffs argue that they have taken all appropriate steps to preserve such discovery. ECF No. 49, p. 3.

The Court recognizes the added work that will be necessary to proceed with the new claims, however, the extra expenditures are warranted in this case. Furthermore, the time and resources expended by the Parties and Court thus far likely still prove useful, and no previous work or rulings would need to be discarded or overturned as a result of granting the amendment. Both parties will need to exert more work to cover the allegations and the Court finds no prejudice against Defendants in the procedure or disposition of the case. Given the Courts deference to freely grant leave to amend when justice so requires, and given the early posture of this case, the Court will grant Plaintiffs leave to amend the Complaint.

V.      **Conclusion**

Plaintiffs Motion for Leave to Amend the Complaint (ECF No. 46) will be GRANTED. The Court will allow Plaintiff seven (7) days from the date of this Opinion and accompanying Order to file an Amended Complaint.

An appropriate Order will follow.


Dated: August 29, 2023

_____
Stephanie L. Haines
United States District Judge