IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN ALBRIGHT, RICHARD NEWMAN, and JACOB MULLINS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil No. 3:21-cv-00112-SLH ) Judge Stephanie L. Haines |
| CONCURRENT TECHNOLOGIES CORPORATION and ENTERPRISE VENTURES CORPORATION, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION

Plaintiffs Brian Albright, Richard Newman, and Jacob Mullins ("Plaintiffs") commenced this action on June 28, 2021 by filing a three count Complaint, ECF No. 1, against Concurrent Technologies Corporation ("CTC"), Concurrent Technologies Corporation Foundation ("CTCF"), and Enterprise Ventures Corporation ("EVC") (collectively "Defendants"), alleging: breach of contract ("Count I"); unjust enrichment (Count II); and intentional infliction of emotional distress ("Count III"). On September 7, 2022, Defendants filed a Motion to Dismiss, ECF No. 15, and on September 20, 2022, the Court entered an Opinion and Order granting in part and denying in part Defendants' Motion. ECF Nos. 27, 28. The Motion to Dismiss was granted as to: (1) all claims against CTCF; (2) Count III; and (3) Plaintiffs' demand for punitive damages and attorney's fees. The Motion to Dismiss was denied as to Counts I and II, and the two remaining Defendants, CTC and EVC, were directed to file an answer—which they filed on October 21, 2022. ECF No. 32. On March 7, 2023, the Parties participated in a mediation session with mediator Kenneth J. Benson, but the case was not resolved. ECF No. 50. Instead, on April 20, 2023, Plaintiffs filed a Notice of Intent to File a Motion for Sanctions arising from the mediation session. ECF No. 53.

1

Pending before the Court is Plaintiffs' Motion for Sanctions, ECF No. 72, wherein, Plaintiffs allege that sanctions should be imposed upon Defendants for failing to obey a Court Order and failing to participate in mediation in good faith. Plaintiffs contend that they should be awarded reasonable expenses, including attorney's fees, incurred as a result of Defendants' allegedly sanctionable conduct. ECF No. 72, ¶ 47. On December 1, 2023, Defendants filed a Response in Opposition to Plaintiffs' Motion for Sanctions, ECF No. 73, wherein, Defendants deny any bad faith conduct and contend that mediation failed because of the parties' different valuations of the case. ECF No. 73. Defendants additionally request that the Court enter an award against Plaintiffs for Defendants' fees and costs associated with defending against Plaintiffs' Motion for Sanctions. ECF No. 73, p. 11. The matter is fully briefed and ripe for disposition.

For the reasons set forth below, the Court will DENY Plaintiffs' Motion for Sanctions in all respects, ECF No. 72, and also will DENY Defendants request for fees and costs associated with defending against Plaintiffs' Motion for Sanctions.

## I. Factual Background[1]

The following events are those which give rise to Plaintiffs' Motion for Sanctions as well as Defendants' Response in Opposition. The Parties met and conferred one month prior to the scheduled mediation. ECF No. 72, ¶ 5; ECF No. 73, p. 5. At this meeting, the parties agreed to proceed with the mediation scheduled for March 7, 2023, and to exchange documents prior to mediation. ECF No. 72, ¶¶ 5-6; ECF No. 73, p. 5. Plaintiffs set forth that, on the day of the meeting, they provided Defendants a list of documents needed for mediation but had not received the 3,019 pages of requested documents by March 2, 2023; it was at this time that they sent Defendants a letter regarding the delay. ECF No. 73, ¶¶ 7, 10. Defendants do not dispute that the

---

[1] The Parties agree to the facts set forth below unless otherwise noted.

2

documents had not yet been produced as of Plaintiffs' March 2nd letter, but instead contend that three weeks prior to the scheduled mediation, they notified Plaintiffs of "deficiencies in Plaintiffs' discovery responses and requested a date certain when the parties would exchange the discovery prior to mediation." ECF No. 73, p. 5. Defendants further allege that Plaintiffs failed to respond to the schedule request and instead, after a prolonged silence, issued the unilateral demand letter in early March that document production be made immediately. ECF No. 73, p. 6. It was not until March 6th, the day before mediation was scheduled, that Defendants made their second significant document production. ECF No. 72, ¶ 14; ECF No. 73, p. 6.

The mediation began as scheduled on March 7, 2023. ECF No. 72, ¶ 17; ECF No. 73, p. 6. Plaintiffs note that, at the insistence of Defendants, all three Plaintiffs traveled from Alabama to Pittsburgh, Pennsylvania, to attend the mediation session in person and incurred substantial expenses in the process. ECF No. 72, ¶¶ 18, 39-41. Once the mediation session commenced, Defendants informed Plaintiffs that no insurance representative was present in person as the insurance policy only covered the cost of defense rather than liability for any potential judgment in the case. ECF No. 72, ¶¶ 21, 22; ECF No. 73, pp. 3, 6. Defendants set forth that, in light of this information, Plaintiffs raised no objection and "the parties proceeded with breakout sessions with Judge Benson." ECF No. 73, p. 6. Plaintiffs began mediation focusing negotiation on the terms of a settlement that addressed future payments. ECF No. 72, ¶ 30; ECF No. 73, p. 6. Defendants categorically rejected the notion of future, uncapped royalty payments and instead presented a much lower, lump-sum counteroffer. ECF No. 72, ¶¶ 31-33; ECF No. 73, p. 6. In response to this impasse, Plaintiffs raised the possibility of a Motions for Sanctions. ECF No. 72, ¶ 36; ECF No. 73, p. 7. Defendants indicated that there was room for further negotiation, but the mediation was

subsequently ended, unresolved, three-and-a half hours after it began. ECF No. 72, ¶¶ 36, 38; ECF No. 73, p. 7.

## II. Legal Standard

"Rule 16 authorizes a court to require parties to attend conferences for the purpose of discussing settlement and impose sanctions if they fail to participate in good faith." *Lea v. PNC Bank*, No. 15-776, 2016 WL 738053, at *2 (W.D. Pa. Feb. 25, 2016) (quoting *Grigoryants v. Safety-Kleen Corp.*, No-11-267E, 2014 WL 2214272, at *5 (W.D. Pa. May 28, 2014)). "The purpose of Rule 16 is to maximize the efficiency of the court system by insisting that attorneys and clients cooperate with the court and abandon practices which unreasonably interfere with the expeditious management of cases." *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d. Cir. 1990). To further this end, a court may, upon motion or on its own, sanction a party or its attorney for: (1) failing to appear at a scheduling or other pretrial conference; (2) being substantially unprepared to participate, or failing to participate in good faith, in the conference; or (3) failing to obey a scheduling or other pretrial order. *See* Fed. R. Civ. P. 16(f)(1).[2]

While "this Court has an inherent power to assess sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Vay*, 2015 WL 791430, at *2 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)), "it is well-settled that Rule 16 is the usual

---

[2] Federal Rule of Civil Procedure 16(f)(1)-(2) provides in pertinent part:
   **(f) Sanctions.**
      **(1) *In General.*** On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
         **(A)** fails to appear at a scheduling or other pretrial conference;
         **(B)** is substantially unprepared to participate—or does not participate in good faith—in the conference; or
         **(C)** fails to obey a scheduling or other pretrial order.
      **(2) *Imposing Fees and Costs.*** Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.
Fed. R. Civ. P. 16(f)(1)-(2).

vehicle for imposing coercive or punitive sanctions" for failing to participate in good faith in mediation. *O'Donnell v. Pennsylvania Dept. of Corrections*, No. 3:09-CV-1173, 2011 WL 398399, at *6 (M.D. Pa. Feb. 4, 2011) (quoting *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 892, n.3 (3d Cir. 1992)). In applying Rule 16, courts in this district have recognized that a party's failure to adhere to the requirements set forth in the Local Rules and ADR Policies and Procedures may result in the wasteful expenditure of time and resources, rendering sanctions appropriate.[3] *See Lea*, 2016 WL 738053, at *2 (citing *Vay v. Huston*, No. 14-769, 2015 WL 791430, at *4 (W.D. Pa. Feb. 25, 2015) ("[T]he Western District holds parties responsible for their conduct at ADR and where a party's actions result in the needless expenditure of the other parties' time and resources, sanctions are warranted."); *Arneault v. O'Toole*, No. 1:11-95, 2014 WL 1117900, at *2 (W.D. Pa. Mar. 20, 2014) (citing Local Rule 16.2 as a basis for awarding ADR sanctions)). Still, sanction "decisions rest in the sound discretion of the court and may only be reviewed for abuse of discretion, which will be found only where the court's decision upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Hunter v. Prisbe*, No. 1:12-CV-2013, 2013 WL 1246797, at *1, (M.D. Pa. Mar. 27, 2013) (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig. Actions*, 278 F.3d 175, 181 (3d Cir. 2002)) (internal quotations omitted).

### III. Analysis

Plaintiffs allege Defendants failed to participate in mediation in good faith and point to four instances which should give rise to sanctions: (1) producing 3,019 pages of requested documents the day before mediation was scheduled to occur; (2) failing to have an insurance representative present at mediation; (3) withholding information that insurance would only cover

---

[3] In this case, any ADR conference(s) were ordered to be conducted in accordance with Local Rule 16.2 and the Court's ADR Policies and Procedures. ECF No. 42, p. 1.

5

the cost of defense rather than all or part of a possible judgment; and (4) insisting that all three Plaintiffs travel to Pittsburgh to appear at the mediation in person, despite allegedly having no intention of making a reasonable offer. ECF No. 72, ¶¶ 26, 49, 51, 52, 53, 57.

Defendants retort that: (1) months prior to the mediation, they provided Plaintiffs with substantial discovery in excess of 1,500 pages of documents, the second production was "not material to Plaintiffs' decision to abruptly terminate the mediation" because the first production had already been provided, and the second production was only delayed due to Plaintiffs' failure to respond to Defendants' communications regarding a date certain to meet to exchange discovery prior to mediation; (2) no insurance representative was required to attend the mediation in person as insurance coverage reaches only defense costs rather than any possible judgement; (3) no information was withheld from Plaintiffs regarding insurance, but instead it was disclosed that "Defendants have an insurance agreement with Chubb which *may* be liable to satisfy all or part of a possible judgment in this action;" and (4) "Plaintiffs elected to end the mediation despite Defendants authorizing the mediator to inform Plaintiffs that Defendants wished to continue to negotiate and had substantial, additional authority to increase their lump sum offer." ECF No. 73, pp. 3, 5, 6 (emphasis provided). The Court will address each issue in turn.

A. **Document Production**

Plaintiffs cite Defendants' document production the day before mediation as evidence of bad faith, alleging that this delay "deprived [Plaintiffs' counsel] of the ability to make an adequate assessment of the value of the case." ECF No. 72, ¶ 26. The Court finds this argument unavailing in light of the record. Plaintiffs' actions regarding these documents do not indicate that the late production, "hamstr[u]ng [their] ability to value and resolve the case." ECF No. 72, ¶ 50. Plaintiffs note that the Mediation Agreement required "written notice of cancellation or request of

postponement or continuance. . . no later than (10) ten business days before the scheduled date of the mediation." ECF No. 72, n.3. Yet, Plaintiffs waited until five days prior to mediation before they contacted opposing counsel, by letter, to insist upon the production of the documents. ECF No. 72, ¶ 10. Plaintiffs' letter was sent nearly a month after the documents were first requested—February 3, 2023. ECF No. 72, ¶¶ 5-7. If Plaintiffs genuinely believed that additional information was needed beyond the documents Defendants already produced, Plaintiffs could have conferred with Defendants prior to the passage of the deadline for continuance[4] or, even simply requested a continuation of mediation for a reasonable time until the requisite documentation was received. *Grigoryants*, 2014 WL 221472, at *8, n.1 (holding that for a party to argue that they lacked information as to damages was without merit and contrary to the record when that party did not act in accordance with its purported need for supplemental information or move for a continuation of mediation). Thus, in light of the facts at hand, the Court finds that Defendants' document production does not evidence a failure to participate in good faith in mediation.

**B. Insurance**

The Court set forth in its Initial Scheduling Order, ECF No. 36, that "[a] representative of any insurance carrier which may be responsible, in whole or in part, for any portion of the claims alleged and who has full, unilateral settlement authority must attend any ADR proceeding in person if insurance proceeds could cover any portion of a settlement or verdict." *Id.* at p. 5. This Order mirrors the Court's ADR Policies and Procedures which set forth that insurer representatives must

---

[4] Regardless of whether Plaintiffs failed to respond to Defendants' request, sent three weeks prior to mediation, for a date certain when the parties would exchange discovery, ECF No. 73, p. 5, Plaintiffs would have been well served, in mediation and this motion, to maintain more open communication with opposing counsel. "It is important to note that this portion of the dispute again raises an issue that this Court has observed all too often—the failure of the parties to clearly communicate prior to the mediation. If the parties had communicated with each other. . . this issue could have been resolved in advance of the mediation." *Palmer v. Federal Express Corp.*, No. 15-202, 2015 WL 9295917, at *4 (W.D. Pa. Dec. 18, 2015).

attend mediation in person "if their agreement would be necessary to achieve a settlement," unless otherwise excused. PA R USDCTWD ADR LCvR 2.7(C).

Plaintiffs contend that Defendants failed to obey the Court's scheduling order or participate in good faith in mediation by failing to have an insurance representative present at mediation. ECF No. 72, ¶ 51. Defendants set forth in their initial disclosures that "Defendants have an insurance agreement with Chubb which may be liable to satisfy all or part of the possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment." ECF No. 72, ¶ 52; ECF No. 73, p. 5. As such, Plaintiffs expected an insurance representative to attend the mediation and indicated that expectation in their March 2nd letter sent to Defendants which stated, "[p]lease confirm that, in light of the Amended Complaint,[5] an insurance representative will be attending in person." ECF No. 72, p. 3, n.2. Defendants counter that no insurance representative was required to attend the mediation in person as the insurance coverage reaches only defense costs, not any possible judgement.[6] ECF No. 73, p. 3. Thus, according to Defendants, the availability of a Chubb representative prepared to participate in line with coverage limits via telephone was entirely appropriate. *Id.* Additionally, Defendants implicitly note that it should have been apparent to Plaintiffs that no insurance representative would attend mediation in person in light of the insurance policy provided to Plaintiffs in November 2022 and the Amended ADR Stipulation filed on November 11, 2022, which omitted any insurance representative when all participants attending mediation were to be listed in accordance with Section 2.7 of the Court's ADR Policies and Procedures. ECF No. 73, p. 5; ECF No. 40, p. 2. Defendants further contend

---

[5] The Amended Complaint, ECF No. 57, had not yet been filed and would not be until September 5, 2023.
[6] Defendants also filed a Declaration of Andrea Almeida Marcus, an Assistant Vice President, Executive Claim Director at Chubb, which confirms that Defendants' policy with Chubb provides coverage for defense costs only—not for liability. ECF No. 73-1.

that they never represented that Chubb would provide liability coverage or attend mediation in person. ECF No. 73, p. 10.

In light of the fact that Defendants' policy provides coverage only for defense costs, rather than liability, ECF No. 73-1, no insurer representative was required to attend mediation in person, either by order of the Court, ECF No. 36, or Section 2.7 of the Court's ADR Policies and Procedures. Thus, the Court finds that Defendants neither failed to participate in good faith in mediation nor failed to obey a pretrial order of the Court when no insurer representative was present at mediation as the insurance proceeds would not cover any portion of a settlement or verdict. *See Hargus v. Ferocious and Impetuous, LLC*, No. 2013-111, 2015 WL 5735647, at *2 (D.V.I. Sept. 30, 2015) (finding it inappropriate to impose sanctions for failing to attend mediation with a representative of the insurance company because there was no remaining coverage under the policy to extend to liability). Additionally, in light of the permissive language of the disclosure and the omission of an insurer representative on the Amended ADR Stipulation, ECF No. 40, the Court finds that Defendants neither withheld information that insurance would only cover defense costs rather than all or part of a possible judgment nor failed to participate in good faith in mediation as a result.

### C. Plaintiffs' Attendance and Defendants' Offer

Plaintiffs contend that Defendants failed to participate in mediation in good faith by insisting that all three Plaintiffs travel to Pittsburgh to appear at the mediation in person, despite allegedly having no intention of making a reasonable offer. *See* ECF No. 72, ¶ 57.

"The Western District Court does not require that a party settle a case. . . [i]t does, however, require that the parties engage in an ADR process in good faith." *Vay,* 2015 WL 791430, at *3; *see* PA R USDCTWD ADR LCvR 2.8 ("It is the expectation of the court that all parties ordered to

mediation shall attend with full and complete settlement authority and shall participate in good faith."). Good faith in mediation is defined as "the duty of the parties to meet and negotiate with a willingness to reach agreement, full or partial, on matters in dispute." PA R USDCTWD ADR LCvR 2.8. While parties are required to meet and negotiate with a willingness to reach agreement, the inability of parties to come to an agreement upon a settlement amount at mediation hardly evidences a failure to participate in mediation in good faith. *See Snydman v. Amper, Politziner & Mattia, LLP*, No. 10-1344, 2011 WL 2790160, at *6 (E.D. Pa. July 15, 2011) (holding that the parties' failure to resolve the case because of a difference in valuation could not fairly be described as lacking good faith, rendering sanctions under Federal Rule of Civil Procedure 16(f)(1)(B) inappropriate); *Rodriquez v. Southeastern Pennsylvania Transportation Authority*, No. 20-cv-3262, 2021 WL 9763348, at *1, n. 3 (E.D. Pa. June 7, 2021) ("[E]ach party in a settlement negotiation is entitled to its position, and Defendant's refusal to increase its offer beyond its honest valuation of the case does not constitute bad faith.") (citing *Day-Lewis v. E.E.O.C.*, No. 12-2638, 2015 WL 221067, at *3 (E.D. Pa. Jan. 15, 2015)); *Executive Wings, Inc. v. Dolby*, 131 F. Supp.3d 404, 421 (W.D. Pa. 2015) (holding that absent a violation of a court order, an ADR Policy, or a norm which specifies some objectively-determinable ADR conduct, it would be improvident to impose sanctions upon a party for "being unwilling to compromise its settlement position."); PA R USDCTWD ADR LCvR 2.8 ("In good faith negotiations, neither party is required to make a concession or agree to any proposal.").

  Here, in person attendance by the Plaintiffs was required by this Court's ADR Policies and Procedures, not simply Defendants' insistence. This Court's ADR Policies and Procedures state that "[e]ach party must attend the selected ADR process session unless excused. . . from attending in person. . . after a showing that personal attendance would impose an extraordinary or otherwise

unjustifiable hardship." PA R USDCTWD ADR LCvR 2.7 (A), (D). As none of the Plaintiffs in this case were excused, their in person attendance at the mediation was required. Additionally, while Defendants' offer at mediation was "not even close to that which [under Plaintiffs' valuation] would allow the parties to continue to negotiate," ECF No. 72, ¶ 35, "each party in a settlement negotiation is entitled to its position." *Rodriquez*, 2021 WL 9763348, at *1, n. 3. Good faith in mediation requires parties to participate with a willingness to reach an agreement, not to agree upon a settlement. *See* PA R USDCTWD ADR LCvR 2.7-2.8. Defendants indicated a willingness to negotiate within their valuation to reach agreement through the mediator and when they sent an email to opposing counsel during mediation stating, Defendants "remain open and willing to negotiate without any artificial limits in place other than Defendants' good faith assessment of how [they] value the case." ECF No. 73, p. 7, Exhibit B; *see also* ECF No. 72, ¶ 36. Just as it would be inappropriate to sanction Plaintiffs for terminating mediation due to the differences in the Parties' valuations, so too would it be inappropriate to sanction Defendants for being unwilling to compromise their settlement position. *See Executive Wings*, 131 F. Supp.3d at 421; *Hunter*, 2013 WL 1246797, at *3. A "difference of opinion as to the settlement value does not constitute bad faith." *Palmer*, 2015 WL 9295917, at *5.

### IV. Defendants' Request for Fees and Costs

In their Response in Opposition, Defendants include a passing request for fees and costs associated with defending against Plaintiffs' Motion for Sanctions. ECF No. 73, p. 11. Defendants, however, cite no authority which grants this Court power to issue such an award, nor include any reasoning as to why such an award is appropriate. Defendants also have failed to attach any documentation as to the fees and costs incurred.

Absent any indication from Defendants as to what authorizes the Court to impose such sanctions, the Court will evaluate Defendants' request under its inherent power to impose sanctions in the form of assessing attorney's fees against counsel. *See Chambers*, 501 U.S. at 45 (quoting *Roadway Express v. Piper, Inc*, 447 U.S. 752 ,765 (1980)). The sanctioning scheme of the statute and rules have not displaced the inherent power of the Court to impose sanctions. *See id.* at 46. As such, this Court has an inherent power to assess sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Vay*, 2015 WL 791430, at *2 (quoting *Chambers*, 501 U.S. 45-46). However, "because of their very potency, inherent powers must be exercised with restraint and discretion." *Rep. of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 45, 74 (3d. Cir. 1994) (quoting *Chambers*, 501 U.S. at 44). "Thus, a district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is tailored to address the harm identified." *Id.*

Here, the factual predicate as to the harm identified by Defendants includes the allegation that "Plaintiffs' conduct at the mediation wasted Defendants' time and resources," a waste which was exacerbated by the motion for sanctions, ECF No. 73, p. 2, in addition to the fact that "there are no valid grounds to support an award of sanctions." ECF No. 73, p. 11. Regarding Plaintiffs' conduct at mediation, the Court noted above that "each party in a settlement negotiation is entitled to its position." *Rodriquez*, 2021 WL 9763348, at *1, n. 3. "[W]hile the parties could have doubtless communicated their respective positions to one another with greater clarity in advance of the mediation and thus avoided the misunderstandings and disappointments" that led to these motions, the Court finds "that sanctions are not appropriate here since such sanctions should not be used as a vehicle for pressing parties to surrender honestly held convictions on the merits of litigation." *Hunter*, 2013 WL 1246797, at *3 (citing *Avance v. Kerr-McGee Chemical, LLC*, No.

04-206, 2006 WL 4402359 (W.D. Tex. Mar. 21, 2006)). Regarding the fact that "there are no valid grounds to support an award of sanctions," ECF No. 73, p. 11, Defendants have not shown, nor can the Court find that Plaintiffs acted in bad faith, vexatiously, wantonly, or for oppressive reasons in filing a motion for sanctions. As such, this Court declines to exercise its inherent power to assess attorney's fees against Plaintiffs' counsel.

## V.     Conclusion

For the foregoing reasons, Plaintiffs have not alleged any conduct engaged in by Defendants that constitutes a failure to participate in mediation in good faith or that is violative of a Court order. Thus, Plaintiffs' Motion for Sanctions, ECF No. 72, is DENIED. Likewise, Defendants' request for an award against Plaintiffs relative to Defendants' fees and costs associated with defending against the motion is DENIED. An appropriate Order follows.

/s/ Stephanie Haines
Stephanie L. Haines
United States District Judge

DATE: July 8, 2024